AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA
V.

**AMENDED JUDGMENT IN A CRIMINAL CASE**

**ANTHONY BELMONTE**

Case Number: **1: 03 CR 10220 - 002 - MEL**

USM Number: 24785-038

James H. Budreau, Esq.

Defendant's Attorney

☑ Additional documents attached

Date of Original/Amended Judgment:    8/7/07

☑ *** AMENDED TO ADD JUDGE LASKER'S RECOMMENDATION TO THE BUREAU OF PRISONS****

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1,3

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☐

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC § 846 | Conspiracy to Possess with Intent to Distribute Marijuana | 06/04/03 | 1 |
| 21 USC § 841(a)(1) | Possession with Intent to Distribute Marijuana | 06/04/03 | 3 |

The defendant is sentenced as provided in pages 2 through   9   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

07/31/07

Date of Imposition of Judgment

Signature of Judge

The Honorable Morris E. Lasker

Senior Judge, U.S. District Court

Name and Title of Judge

11/20/07

Date

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

DEFENDANT:   **ANTHONY BELMONTE**
CASE NUMBER: **1: 03 CR 10220  - 002 - MEL**

Judgment — Page   2   of   9

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

a year and a day.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be permitted to serve his sentence at the Lewisburg, PA prison camp facility or another similar facility within 500 miles of defendant's residence in New York City.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at   _____ ☐ a.m.   ☐ p.m.   on   _____ .

☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☑ before 2 p.m. on   11/30/07   _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on   _____ to   _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
                  Sheet 3 - D  Massachusetts - 10/05

Judgment—Page  3  of  9

DEFENDANT:    **ANTHONY BELMONTE**
CASE NUMBER: **1: 04 CR 10119  - 002 - MEL**

## SUPERVISED RELEASE

☐ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    36  month(s)

This term consists of terms of 36 months n each count, all such terms to rum concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Cheek, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

Judgment — Page ___4___ of ___9___

DEFENDANT:     **ANTHONY BELMONTE**
CASE NUMBER: **1: 04 CR 10119   - 002 - MEL**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** S | $200.00 | S | S |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

☐ See Continuation Page

| **TOTALS** | S _____ $0.00 | S _____ $0.00 | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement  S _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
                   Sheet 6 - D. Massachusetts - 10/05

DEFENDANT:     **ANTHONY BELMONTE**                          Judgment — Page ___5___ of ___9___
CASE NUMBER: **1: 03 CR 10220   - 002 - MEL**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☒ Lump sum payment of $ $200.00_____ due immediately, balance due

     ☐ not later than _____, or
     ☐ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
     _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
     term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several                                          ☐ See Continuation
                                                                 Page

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:

     The defendant owes to the United States the amount of $100,000.00 of which $ 25,000.00 has already been paid.
     This leaves a balance of $75,000.00 to be paid. The Final Order of Forfeiture and Money Judgment is attached to the Judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 06/05) Criminal Judgment
           Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT:     **ANTHONY BELMONTE**                          Judgment — Page  6  of    9
CASE NUMBER: **1: 04 CR 10119   - 002 - MEL**
DISTRICT:      **MASSACHUSETTS**

## STATEMENT OF REASONS

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  ☑  **The court adopts the presentence investigation report without change.**

B  ☐  **The court adopts the presentence investigation report with the following changes.**
       (Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
       (Use Section VIII if necessary.)

   1   ☐  Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level, or
           specific offense characteristics):

   2   ☐  Chapter Three of the U.S.S.G. Manual determinations by court (including changes to victim-related adjustments,
           role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   3   ☐  Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or
           scores, career offender, or criminal livelihood determinations):

   4   ☐  Additional Comments or Findings (including comments or factual findings concerning certain information in the
           presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation,
           or programming decisions):

C  ☐  **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE (Check all that apply.)**

A  ☑  No count of conviction carries a mandatory minimum sentence.

B  ☐  Mandatory minimum sentence imposed.

C  ☐  One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the
       sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum
       does not apply based on

       ☐  findings of fact in this case

       ☐  substantial assistance (18 U.S.C § 3553(e))

       ☐  the statutory safety valve (18 U.S.C § 3553(f))

**III  COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:              21
Criminal History Category:    1
Imprisonment Range:        37      to  46        months
Supervised Release Range:  3          to  5          years
Fine Range: $ 7,500          to  $  2,000,000
☑  Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)  (Rev 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT: **ANTHONY BELMONTE**
CASE NUMBER: **1: 04 CR 10119  - 002 - MEL**
DISTRICT:         **MASSACHUSETTS**

Judgment — Page  7  of   9

## STATEMENT OF REASONS

IV   **ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

    A   ☐   The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

    B   ☐   The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
           (Use Section VIII if necessary.)

    C   ☑   The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
           (Also complete Section V.)

    D   ☐   The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

V   **DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

    A   **The sentence imposed departs** (Check only one.):
      ☑ below the advisory guideline range
      ☐ above the advisory guideline range

    B   **Departure based on** (Check all that apply.):

      1      **Plea Agreement** (Check all that apply and check reason(s) below.):
           ☑   5K1.1 plea agreement based on the defendant's substantial assistance
           ☐   5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
           ☐   binding plea agreement for departure accepted by the court
           ☐   plea agreement for departure, which the court finds to be reasonable
           ☐   plea agreement that states that the government will not oppose a defense departure motion.

      2      **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
           ☐   5K1.1 government motion based on the defendant's substantial assistance
           ☐   5K3.1 government motion based on Early Disposition or "Fast-track" program
           ☐   government motion for departure
           ☐   defense motion for departure to which the government did not object
           ☐   defense motion for departure to which the government objected

      3      **Other**
           ☐   Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

    C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ 5K2.9 | Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | ☐ | | Other guideline basis (e.g., 2B1.1 commentary) |

    D   **Explain the facts justifying the departure.** (Use Section VIII if necessary.)

        Substantial Assistance

AO 245B ( 05-MA)   (Rev  06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons - D. Massachusetts 10/05

DEFENDANT:      **ANTHONY BELMONTE**                                    Judgment — Page   8   of     9
CASE NUMBER: **1: 04 CR 10119   - 002 - MEL**
DISTRICT:          **MASSACHUSETTS**

## STATEMENT OF REASONS

VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM
     (Check all that apply.)

A   **The sentence imposed is** (Check only one.):
   ☐ below the advisory guideline range
   ☐ above the advisory guideline range

B   **Sentence imposed pursuant to** (Check all that apply.):

   1   **Plea Agreement** (Check all that apply and check reason(s) below.):
       ☐   binding plea agreement for a sentence outside the advisory guideline system accepted by the court
       ☐   plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
       ☐   plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline
           system

   2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
       ☐   government motion for a sentence outside of the advisory guideline system
       ☐   defense motion for a sentence outside of the advisory guideline system to which the government did not object
       ☐   defense motion for a sentence outside of the advisory guideline system to which the government objected

   3   **Other**
       ☐   Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C   **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

   ☐  the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C  § 3553(a)(1)
   ☐  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
   ☐  to afford adequate deterrence to criminal conduct (18 U S.C  § 3553(a)(2)(B))
   ☐  to protect the public from further crimes of the defendant (18 U S.C  § 3553(a)(2)(C))
   ☐  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
      (18 U S.C. § 3553(a)(2)(D))
   ☐  to avoid unwarranted sentencing disparities among defendants (18 U.S C. § 3553(a)(6))
   ☐  to provide restitution to any victims of the offense (18 U S.C  § 3553(a)(7))

D   **Explain the facts justifying a sentence outside the advisory guideline system.**  (UseSection VIII if necessary.)

AO 245B (05-MA) (Rev 06/05) Criminal Judgment
Attachment (Page 4) — Statement of Reasons - D. Massachusetts - 10/05

DEFENDANT: **ANTHONY BELMONTE**                                      Judgment — Page  9  of      9
CASE NUMBER: **1: 04 CR 10119  - 002 - MEL**
DISTRICT:     **MASSACHUSETTS**

## STATEMENT OF REASONS

### VII  COURT DETERMINATIONS OF RESTITUTION

A  ☑  Restitution Not Applicable.

B  ☐  Total Amount of Restitution: _____

C  ☐  Restitution not ordered (Check only one.):

    1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

    2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B)

    3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S C § 3663(a)(1)(B)(ii).

    4  ☐  Restitution is not ordered for other reasons. (Explain.)

D  ☐  Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

### VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.:  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

Defendant's Date of Birth:  00/00/61

Defendant's Residence Address:  120 West 21st Street, Apt 613
New York, NY 10011

Defendant's Mailing Address:  same

Date of Imposition of Judgment
07/31/07

Signature of Judge
The Honorable Morris E. Lasker  Senior Judge, U.S. District Court
Name and Title of Judge
Date Signed  11/20/07

1            THE COURT:  Mr. Belmonte, I don't want to drag
2       this out too long and create any suspense.  Of course,
3       there's no need for me to meet what the guidelines would
4       be, everybody's in agreement that they would come up
5       with a proposed range of 37 to 46 months and the
6       government itself has recommended that I disregard the
7       guidelines and, as you heard, go down to 24 months.
8       I've given a lot of thought to this case.  I've been on
9       it for four years.  I know where you fit in.  I know
10      what you've done.  I know what you're guilty of and what
11      you have atoned for and I believe that I'm doing justice
12      by imposing the following sentence.

13            Pursuant to the Sentencing Reform Act of 1984 and
14      having considered the sentencing factors enumerated in
15      18 U.S.C. and 3553(a), it's the judgment of the Court
16      that the defendant, Anthony Belmonte, is hereby
17      committed to the custody of the Bureau of Prisons to be
18      in prison for a term of 1 year and a day.  This term
19      consists of terms of 1 year and a day on each count to
20      be served concurrently.  And, by the way, because it's a
21      year and a day, you will receive credit of a couple of
22      months and so you will have less than a year.

23            I see that your mother is upset.  I hope that's
24      she's upset because this is lower than what she
25      expected, rather than higher than what she expected.

1   But I believe, in my conscience, that it's justified.

2       Upon release from imprisonment, the defendant

3   shall be placed on supervised release for a term of 3

4   years.  This term consists of 3 years on each count.

5   All such terms are to run concurrently.  Within 72 hours

6   of release from custody from the Bureau of Prisons, the

7   defendant shall report in person to the district in

8   which he is released.  I'm sorry I have to read all of

9   this, but I do.

10      While on supervised release, you shall comply with

11  the following conditions.  You shall not commit another

12  offense.  You shall refrain from any unlawful use of a

13  controlled substance and submit to one drug test within

14  15 days of release and at least two periodic drug tests

15  thereafter, not to exceed 104 tests per year, as

16  directed by the Probation Department.  You shall submit

17  to the collection of a DNA sample.  You shall comply

18  with standard conditions adopted by the Court.  And you

19  are prohibited from possessing a firearm, destructive

20  device or other dangerous weapon.  Finally, you are

21  assessed the sum of 200 dollars, which is payable

22  immediately.

23      Now, Mr. Belmonte, I'm unnerved as you may be,

24  too, by your mother's sorrow.  I hope that she realizes

25  that this is a pretty limited sentence and I hope that

```
 1    you realize it's a pretty limited sentence.  I'm
 2    perfectly willing and I assume Mr. Levitt is, too, to
 3    allow you to surrender without anything further and the
 4    arrangements can be made for that.  And a year from
 5    today you'll be -- a year from the time that you start
 6    you'll be a free man and I hope that your life will
 7    prosper in the future.
 8              MR. LEVITT:  Thank you, your Honor.
 9              THE COURT:  That's all.
10              PROBATION OFFICER:  I think you need to say a
11    specific self-report date.
12              THE CLERK:  Excuse me for one second.  I have
13    to give them a date to report, your Honor.
14              THE COURT:  Do you want to specify a date?
15              PROBATION OFFICER:  I believe you have to,
16    your Honor.
17              THE CLERK:  I was going to set it down for
18    August 31st.
19              THE COURT:  Okay.
20              MR. LEVITT:  George, the right to appeal?
21              THE CLERK:  Judge, he has a right to appeal.
22              THE COURT:  Does he?
23              MR. LEVITT:  Yes.
24              MR. BUDREAU:  He has a right to appeal, your
25    Honor, but I can assure you that there'll be no appeal
```

1    in this case.

2              THE COURT:   But the defendant is aware that he

3    may have a right to appeal and if he does wish to do so,

4    he should inform his attorney so that the notice of this

5    appeal can be properly filed within the right time

6    frame.

7              MR. BUDREAU:   Thank you, your Honor.

8              (Ends, 3:55 p.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.  03-10220-MEL |
| | ) | |
| ANTHONY BELMONTE, | ) | |
| Defendant. | ) | |

## MONEY JUDGMENT

**LASKER, D.J.,**

WHEREAS, on July 1, 2003, a federal grand jury sitting in
the District of Massachusetts returned an Indictment charging
Defendant Anthony Belmonte (the "Defendant") with Conspiracy to
Possess With Intent to Distribute Marijuana, in violation of 21
U.S.C. § 846 (Count One), and Possession With Intent to
Distribute Marijuana, in violation of 21 U.S.C. § 841 (Count
Three);

WHEREAS, the Indictment also included a Forfeiture
Allegation, which sought forfeiture pursuant to 21 U.S.C. § 853
of any and all property constituting, or derived from, any
proceeds the defendant obtained, directly or indirectly, as a
result of such offenses; and/or any property used or intended to
be used, in any manner or part, to commit, or to facilitate the
commission of, any such violations;

WHEREAS, the forfeiture allegation of the Indictment further
stated that if any of the above-described forfeitable property,
as a result of any act or omission by the Defendant, (a) cannot
be located upon the exercise of due diligence; (b) has been



transferred to, sold to, or deposited with a third person; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the above forfeitable property, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on March 10, 2005, the Defendant plead guilty to Counts One and Three of the Indictment, pursuant to a written plea agreement that he signed on February 26, 2005;

WHEREAS, the Defendant agreed in the plea agreement to forfeit any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea;

WHEREAS, the parties have stipulated that the amount of $100,000.00 in United States currency represents the amount of property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the violations to which he plead guilty;

WHEREAS, because of acts or omissions of the Defendant, the $100,000.00 in United States currency is no longer available for forfeiture for one or more of the reasons set forth in 21 U.S.C. § 853(p), and as a result, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S. C. § 853(p), the United States is entitled to an order forfeiting other property

2

of the Defendant as a substitute for the unavailable property;

WHEREAS, on July 31, 2007, the Defendant delivered to the United States Attorney's Office a bank check in the amount of $25,000.00 in United States currency (the "Currency"), in partial satisfaction of his forfeiture obligation to the United States;

WHEREAS, the United States has not, as of this date, identified any other specific assets of the Defendant;

WHEREAS, the Defendant consents to the entry of a personal money judgment against him, in the amount of the outstanding $75,000.00 forfeiture obligation;

WHEREAS, the Defendant further agrees that, in the event the Money Judgment is not satisfied in full on or before July 31, 2010, the United States is entitled to seek forfeiture of the real property located at 24 Harrison Avenue, Saugus, Massachusetts, up to the outstanding balance of the Money Judgment; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1.    The Defendant shall forfeit to the United States the sum of $75,000.00 in United States currency, pursuant to 21 U.S.C. § 853.

3

2.    This Court shall retain jurisdiction in the case for
the purpose of enforcing this Money Judgment.

3.    In the event the Money Judgment is not satisfied in
full on or before July 31, 2010, the United States is entitled to
seek forfeiture of the real property located at 24 Harrison
Avenue, Saugus, Massachusetts, up to the outstanding balance of
the Money Judgment.

4.    The United States may, at any time, move pursuant to
Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend
this Money Judgment to substitute property having a value not to
exceed the amounts set forth in Paragraph 1 to satisfy the money
judgment in whole or in part.

DONE AND ORDERED in Boston, Massachusetts, this _____ ST day
of _____August_____, 2007.

Dated: Aug 1, 2007

_____
MORRIS E. LASKER
Senior United States District Judge

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.  03-10220-MEL |
| | ) | |
| ANTHONY BELMONTE, | ) | |
| Defendant. | ) | |

## FINAL ORDER OF FORFEITURE

**LASKER, D.J.,**

WHEREAS, on July 1, 2003, a federal grand jury sitting in
the District of Massachusetts returned an Indictment charging
Defendant Anthony Belmonte (the "Defendant") with Conspiracy to
Possess With Intent to Distribute Marijuana, in violation of 21
U.S.C. § 846 (Count One), and Possession With Intent to
Distribute Marijuana, in violation of 21 U.S.C. § 841 (Count
Three);

WHEREAS, the Indictment also included a Forfeiture
Allegation, which sought forfeiture pursuant to 21 U.S.C. § 853
of any and all property constituting, or derived from, any
proceeds the defendant obtained, directly or indirectly, as a
result of such offenses; and/or any property used or intended to
be used, in any manner or part, to commit, or to facilitate the
commission of, any such violations;

WHEREAS, the forfeiture allegation of the Indictment further
stated that if any of the above-described forfeitable property,
as a result of any act or omission by the Defendant, (a) cannot
be located upon the exercise of due diligence; (b) has been

transferred to, sold to, or deposited with a third person; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be subdivided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the above forfeitable property, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on March 10, 2005, the Defendant plead guilty to Counts One and Three of the Indictment, pursuant to a written plea agreement that he signed on February 26, 2005;

WHEREAS, the Defendant agreed in the plea agreement to forfeit any and all assets subject to forfeiture pursuant to 21 U.S.C. § 853 as a result of his guilty plea;

WHEREAS, the parties have stipulated that the amount of $100,000.00 in United States currency represents the amount of property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the violations to which he plead guilty;

WHEREAS, because of acts or omissions of the Defendant, the $100,000.00 in United States currency is no longer available for forfeiture for one or more of the reasons set forth in 21 U.S.C. § 853(p), and as a result, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S. C. § 853(p), the United States is entitled to an order forfeiting other property

2

of the Defendant as a substitute for the unavailable property;

WHEREAS, on July 31, 2007, the Defendant delivered to the United States Attorney's Office a bank check in the amount of $25,000.00 in United States currency (the "Currency"), in partial satisfaction of his forfeiture obligation to the United States;

WHEREAS, by virtue of the Defendant's guilty plea and based on his written plea agreement and his stipulations, the United States now is entitled to forfeit the Currency;

WHEREAS, the United States has moved for entry of a Final Order of Forfeiture against the Currency, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the Final Order of Forfeiture must be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and must be included in the criminal judgment entered by the Court against the Defendant.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.   The United States' Motion for a Final Order of Forfeiture is allowed.

2.   The Defendant shall forfeit the Currency to the United States.

3.   The United States Marshals Service shall take custody of the Currency, and shall dispose of it according to law and this

3

Order.

4.    The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea and his admissions in the written plea agreement, that the United States has established the requisite nexus between the Currency to be forfeited and the offenses to which the Defendant pled guilty.

5.    Accordingly, all of the Defendant's interests in the Currency are hereby forfeited to the United States of America for disposition, pursuant to the provisions of 21 U.S.C. § 853.

6.    Pursuant to Rule 32.2(b)(3), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court, against the Defendant.

DONE AND ORDERED in Boston, Massachusetts, this _____ day of _____, 2007.

_____
MORRIS E. LASKER
Dated:                           Senior United States District Judge

4